

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable King Fike
County Attorney
Hartley County
Dalhart, Texas

Dear Sir:

Opinion No. 0-1156
Re: Would a sheriff on a fee
basis be entitled to charge
as expenses of his office
the purchase price of an
automobile used by him as
sheriff?

We are in receipt of your opinion request bearing date of July 18, 1939, wherein you propound the following questions:

"1. Would a sheriff who is being paid on a fee basis in a county with a population such as Hartley County be entitled to charge up as expenses of his office the purchase price of an automobile used by him as such sheriff?

"2. Would he be entitled to charge up as expenses of his office the depreciation of the automobile used by him as such sheriff?

"3. Would he be entitled to charge up as expenses of his office car expenses?"

Article 3899 of the Revised Civil Statutes of Texas, as amended, bearing the heading "Expense Accounts", provides as follows:

"At the close of each month of his tenure of office, each officer named herein who is compensated on a fee basis shall make as part of the report now required by

law, an itemized and sworn statement of
all the actual and necessary expenses in-
curred by him in the conduct of his office . . .
The amount of such expenses, together with
the amount of salaries paid to assistants,
deputies and clerks shall be paid out of the
fees earned by such officer. The Commis-
sioners' Court of the county of the sheriff's
residence may, upon the written and sworn
application of the sheriff stating the neces-
sity therefor, allow one or more automobiles
to be pur chased by the sheriff in the dis-
charge of his official duties, which, if pur-
chased by the county shall be bought in the
manner prescribed by law for the purchase of
supplies and paid for out of the general fund
of the county, and they shall be and remain
the property of the county. The expense of
maintenance, depreciation and operation of
such automobiles as may be allowed, whether
purchased by the county or owned by the sher-
iff or his deputies personally, shall be paid
for by the sheriff and the amount thereof
shall be reported by the sheriff, on the re-
port above mentioned, in the same  manner
as herein provided for other expenses."

        In answer to your question No. 1, you may be ad-
fised that it is the opinion of this Department that  the
Commissioners' Court of a county, upon the written and
sworn application of the sheriff stating the necessity
therefor, may allow one or more automobiles to be pur-
chased by the sheriff, to be used in the discharge of his
official duties, which, if purchased by the county, shall
be paid for out of the general fund and shall remain the
property of the county. The sheriff may, of course, pur-
chase an automobile out of his own personal funds, to be
used in the discharge of his official duties; but in no
instance would the sheriff be permitted to purchase a per-
sonal automobile and to charge the purchase price thereof
as expenses of his office.

        In answer to your question No. 2, we wish to ad-
vise that it is our opinion that the sheriff would be en-

Honorable King Fike, Page 3


titled to charge up as expense of his office, the expense
of depreciation upon an automobile used by him in the dis-
charge of his official duties, whether purchased by the
county or owned by the sheriff or his deputies personally.

In answering your question No. 3, you may be ad-
vised that it is our opinion that the sheriff would be en-
titled to charge up as expense of his office necessary au-
tomobile expenses incurred by the sheriff in the discharge
of his official duties, whether said automobile was pur-
chased by the county or owned by the sheriff or his depu-
ties personally.

It is our opinion that in either event the sher-
iff of the county would not be entitled to any allowance
for maintenance, depreciation or operation of such automo-
bile, unless he had complied with the strict wording of the
statute as to the making of a written and sworn application
stating the necessity therefor, with a subsequent action on
the part of the Commissioners' Court, acknowledging the ne-
cessity for such expenditure, and by special order direct-
ing and allowing such expenditure to be made. It also fol-
lows that no purchase of an automobile by a county could
be made unless there had first been a strict compliance
with the provisions made therefor in the statute.

Trusting that this answers your questions, as pro-
pounded, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

(Signed)  Edgar Cale
Edgar Cale
Assistant

APPROVED: SEPT. 18, 1939
(Signed)  Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

EC:FG

APPROVED:
Opinion Committee
By. R. W. F.
Chairman